## Trumbower *v.* Woodley, Appellant.

*Contract—Entire contract—Abandonment—Evidence.*

In an action to recover a balance alleged to be due for sawing the timber on a tract of land, it appeared that plaintiff had not sawed all the timber, but he had done a considerable amount of work for which he had not been paid. The agreement required the defendant to pay on the fifteenth of each month for what had been sawed during the previous month. The defendant contended that the contract was entire and that plaintiff had not completed the performance. There was evidence that defendant had failed to pay on the fifteenth of each month, and that plaintiff was in consequence unable to pay his workmen and had to cease work. There was also evidence that the defendant had acquiesced in the stopping of work by the plaintiff, and had entered into a new arrangement. *Held*, that there was sufficient evidence to submit to the jury on the question of the abandonment of the contract, and that a verdict and judgment for plaintiff should be sustained.

Argued March 11, 1904. Appeal, No. 25, Feb. T., 1904, by defendant, from judgment of C. P. Lycoming County, June T., 1903, No. 523, on verdict for plaintiff in case of A. C. Trumbower v. Jarred Woodley. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover on a contract for sawing logs. Before HART, P. J.

250     TRUMBOWER *v.* WOODLEY, Appellant.

Statement of Facts—Opinion of the Court. [26 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $256.01. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*W. E. Ritter*, for appellant.—The doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars so that their right to compensation may not be forfeited by reason of mere technicality, inadvertent or unimportant omissions or defects : Gillespie Tool Co. v. Wilson, 123 Pa. 19 ; Pallman v. Smith, 135 Pa. 188 ; Shires v. O'Connor, 4 Pa. Superior Ct. 465.

When a contract is entire, before any recovery can be had of the consideration money, the plaintiff must prove that he has performed or is ready to perform his part of the contract, or that the performance was prevented by the defendant: Hall v. Rupley, 10 Pa. 231; Martin v. Schoenberger, 8 W. & S. 367 ; Shaw v. Turnpike Co., 2 P. & W. 454.

*John J. Reardon*, for appellee.

OPINION BY PORTER, J., October 17, 1904:

This case was tried, in accordance with the insistence of the defendant, upon the theory that the contract was an entire one and as the appellant had his own way in the court below the judgment is not to be reversed unless it appears that injustice has been done. The written contract was for stocking and sawing the timber on a certain tract of land ; the plaintiff had not stocked and sawed all the timber, but he had done a considerable amount of work under the contract for which he had not been paid. The agreement required the defendant to pay on the fifteenth of each month for what had been sawed during the previous month. This action was brought to recover the unpaid balance. The defendant contended that there could be no recovery, for the reason that the contract was entire and the plaintiff had failed to show complete performance. The learned judge of the court below charged the jury, in effect, that in

order to entitle the plaintiff to recover he must show that he had performed his contract, unless the jury were satisfied from the evidence that complete performance was prevented by the failure of the defendant to keep his covenants ; the language was as follows : " Mr. Trumbower says that he did not receive the pay from the defendant in this case as he had obligated himself to make the payments ; in other words, that he did not receive on the fifteenth of each month the pay for what he had sawed the previous month, and that by reason of the fact of the defendant not having fulfilled this part of the contract that he was obliged to cease operations there. If you believe that to be the fact, that would justify him in rescinding this contract." The only substantial question presented by this record is whether there was sufficient evidence to warrant the submission to the jury of the question whether there had been an abandonment of the contract. The plaintiff testified, upon this point : " Q. Please state to us how you were paid by Mr. Woodley and when. A. Well, he did not come up to the scratch. He was to pay me on the fifteenth of every month, and towards the last I couldn't get any money to pay my men or anything else, and I had to do another job there to get my mill off the mountain. Q. State whether you had frequently asked him for money. A. I had asked him for money frequently, yes, sir. Q. When did you first render him a statement for the amount of lumber that you had sawed ? A. We rendered him statements in January. . . . Q. When did you give another statement ? A. Then I fired statements in right along very near every time I seen him. Q. Did you tell him how much you had sawed when you met him ? A. Yes, sir." The plaintiff testified that he subsequently, in February, 1903, made an oral contract with the defendant, under the provisions of which the defendant was to stock timber on this tract and was to pay the plaintiff $3.50 per thousand for sawing it, and that the defendant hired Mr. Spong to do the stocking, the plaintiff agreeing to saw all the lumber that was brought in to the mill. He was asked, on cross-examination with reference to this oral contract : " Q. How did you come to make that contract ? A. Because he could not put up the money to get the logs in, and I told him he should get somebody else." Here was direct and positive testimony that the

defendant had failed to pay the money on the operation as it became due under the terms of the contract, that because of such failure the plaintiff was unable to proceed; that the defendant was notified of this state of affairs, and thereupon acquiesced in an abandonment of the contract and entered into a new arrangement. The testimony of the plaintiff, upon this point, was to some extent corroborated by the subsequent action of the parties. The defendant did employ Spong to stock timber on the tract, the latter did stock a considerable amount of timber under the arrangement, and the plaintiff sawed all the timber that Spong stocked. This was sufficient evidence to warrant a finding by the jury that the contract had been abandoned. If the contract was under such circumstances abandoned, the plaintiff was not bound to show that he had stocked and sawed all the timber on the tract, nor was the defendant entitled to damages because a part of the timber was left standing. Whether the contract had been abandoned was, under the evidence, a question for the jury. The verdict upon that question settled the rights of the defendant under all the other questions raised by the several specifications of error.

The judgment is affirmed.

SMITH, J., dissents.